IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADELPHIA GATEWAY, LLC, | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| CERTAIN EASEMENTS AND RIGHTS | : | |
| OF WAY NECESSARY TO OPERATE | : | |
| AND MAINTAIN AN 18" NATURAL GAS | : | |
| TRANSMISSION PIPELINE IN BETHEL | : | |
| TOWNSHIP, DELAWARE COUNTY, | : | |
| PENNSYLVANIA, TAX PARCEL | : | |
| NUMBER 03-00-00304-03, 1669 GARNET | : | |
| MINE ROAD, GARNET VALLEY, | : | |
| PA 19060 *et al.*, | : | **No. 20-1005** |
| *Defendants* | : | |

**O R D E R**

**AND NOW,** this 27th day of April, 2020, upon consideration of Adelphia Gateway, LLC's

Motion for Partial Summary Judgment (Doc. No. 5) and Motion for Preliminary Injunction (Doc.

No. 6), it is **ORDERED**, for the reasons set forth in the accompanying Memorandum, that:

1. The Motion for Partial Summary Judgment (Doc. No. 5) is **GRANTED**.  Adelphia has

   the substantive right to condemn the Rights of Way, which is an amendment of the

   Existing Easement attached as Exhibit A to the Verified Complaint, only to allow the

   transportation of natural gas as approved by the Federal Energy Regulatory

   Commission pursuant to the Natural Gas Act and the Order of the Federal Energy

   Regulatory Commission dated December 20, 2019, Docket No. CP18-46-000, 169

   FERC ¶ 61,220 (2019), and removing the restriction that transportation be limited to

   No. 2 Grade fuel, crude petroleum and residual fuel, but otherwise reaffirming all other

   terms of the Existing Easement.

1

2.  The Motion for Preliminary Injunction (Doc. No. 6) is **GRANTED**.

   a.  Upon filing the bond required below, Adelphia is granted the right to use the Existing Easement (as that term is defined in the Complaint) for the transportation of natural gas, as approved by the Federal Energy Regulatory Commission pursuant to the Natural Gas Act and the Order of the Federal Energy Regulatory Commission dated December 20, 2019, Docket No. CP18-46-000, 169 FERC ¶ 61,220 (2019).

   b.  In the event of a violation of this Order by Defendants, such as interference with Adelphia's possession of the Rights of Way by Defendants or by third parties who are authorized by Defendants to be on the Property, the U.S. Marshal Service, or a law enforcement agency it designates, shall be authorized to investigate and to arrest, confine in prison and/or bring before the Court any persons found to be in violation of this Order and in contempt of this Order, pending their compliance with the Court's Order.

   c.  Adelphia shall post a bond in the amount of $3,000.00 as security for the payment of just compensation to Defendants;[1] and

---

[1]   Federal Rule of Civil Procedure 65(c) instructs that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "The amount of the bond is left to the district court's discretion." *Howmedica Osteonics v. Zimmer Inc.*, 461 F. App'x 192, 198 (3d Cir. 2012) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010)). When setting the bond amount, "[d]istrict courts tend to err on the 'high side' considering that 'the only recourse against wrongful enjoinment is against the bond.'" *UGI Sunbury LLC v. A Permanent Easement for 2.4645 Acres*, No. 16-00784, 2016 WL 4089077, at *5 (M.D. Pa. Aug. 2, 2016) (quoting *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 06-1105, 2011 WL 4916397, at *4 (M.D. Pa. Oct. 17, 2011)).

The total appraised value of the rights-of-way in this individual case is $0. Adelphia has proposed setting the bond at $3,000. This amount being more than the appraised value, the Court concludes that the "conservative solution" is to set the bond at Adelphia's proposed $3,000. *In re Algonquin Nat. Gas Pipeline Eminentdomaincases*, No. 15-5076, 2015 WL 10793423, at *12 (S.D.N.Y. Sept. 18, 2015). This "will more than protect the non-settling owners against costs and damages they might incur as a result of premature entry by [Adelphia] onto their justly-condemned property." *Id.*

d. Adelphia shall record this Order in the Office of the Recorder of Deeds for

Delaware County, Pennsylvania.

BY THE COURT:

_____

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE